James A. Hunter (JH-1910)
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: +1 (484) 437-5935
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CALENTURE, LLC,<br>Plaintiff,<br>– v. –<br>HENRY IKEZI,<br>Defendant,<br>– and –<br>SOLIDION TECHNOLOGY, INC.,<br>Nominal Defendant. | ECF CASE<br><br>No. 26-cv-6905<br><br>COMPLAINT FOR RECOVERY OF "SHORT-SWING" PROFIT UNDER 15 U.S.C. § 78p(b) |

Plaintiff Calenture, LLC ("Plaintiff"), by its undersigned counsel, pleads for its complaint as follows:

## INTRODUCTION

1. This is an action for recovery of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 was Congress's original answer to insider trading. For many years, it was the only express regulation of insider trading at the federal level. Congress enacted the statute "[f]or the purpose of preventing the unfair use of

information which may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(b).

3. Section 16 applies to every director or officer of an issuer with a class of equity securities registered under Section 12 of the Act. *Id.* § 78p(a). It also applies to every "beneficial owner" of more than 10% of any such class. *Id.*

4. Under Section 16(b), these so-called "insiders" must turn over to the issuer any profit they realize from any purchase and sale, or sale and purchase, of the issuer's equity securities within any period of less than six months. *Id.* § 78p(b). If an insider fails to return this "short-swing" profit, the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

5. Liability under Section 16(b) is strict. The insider must turn over the profit from a short-swing transaction "irrespective of any intention on the part of [the insider] . . . in entering into such transaction." *Id.* Recovery never depends on proof of scienter, a breach of duty, or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

6. Plaintiff, a stockholder of Nominal Defendant Solidion Technology, Inc. ("Solidion"), brings this action under Section 16(b) of the Act against Solidion stockholder Henry Ikezi ("Ikezi"). While subject to Section 16(b), Ikezi realized more than $400,000 in profit from purchases and sales of Solidion's equity securities within a period of less than six months.

7. Under Section 16(b), that profit is now Solidion's lawful property, which Ikezi is strictly liable to account for and repay.

## JURISDICTION

8. The Court has jurisdiction over this action under Section 27 of the

Act, 15 U.S.C. § 78aa, and under 28 U.S.C. § 1331.

9. Venue lies in this District under Section 27 of the Act because (a) Defendant Ikezi is found in and transacts substantial business in this District, maintaining his principal office in midtown Manhattan; and (b) the transactions described in paragraph 14 below were executed through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

**THE PARTIES**

10. Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located therein.

11. Defendant Ikezi is a natural person and a resident of the State of New York doing business at 2 Penn Plaza, New York, New York 11412.

12. Solidion is a corporation formed under the law of the State of Delaware with a principal place of business located in Dallas, Texas. At all relevant times, Solidion's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and was listed for trading on The Nasdaq Stock Market LLC. Plaintiff brings this action in the right and for the benefit of Solidion, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

**SOLE CLAIM FOR RELIEF:**
**RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b)**
**(AGAINST DEFENDANT IKEZI)**

13. At all relevant times, Ikezi was subject to Section 16 of the Act as a beneficial owner of more than 10% of Solidion's outstanding common stock. Ikezi reported beneficial ownership of 3,447,957 Solidion shares, or 47.5% of shares outstanding, in a statement filed with the SEC on November 4, 2025. The next and most

recent amendment to that statement, filed on June 11, 2026, reported beneficial ownership of 3,293,276 shares, or 41.4% of shares outstanding.

14. Between June 3 and June 5, 2026, while subject to Section 16 of the Act, Ikezi made the following purchases and sales of Solidion's common stock:

(a) On June 3, 2026, Ikezi purchased 1,000 shares of Solidion's common stock at a price of $4.85 per share.

(b) On June 4, 2026, Ikezi purchased 23,000 shares of Solidion's common stock at a price of $24.6576 per share.

(c) On June 4, 2026, Ikezi sold 188,951 shares of Solidion's common stock at a weighted average price of $23.4305 per share.

(d) On June 5, 2026, Ikezi sold 13,500 shares of Solidion's common stock at a weighted average price of $44.8878 per share.

(e) On June 5, 2026, Ikezi purchased 2,000 shares of Solidion's common stock at a price of $35.9950 per share.

(f) On June 5, 2026, Ikezi sold 192,437 shares of Solidion's common stock at a weighted average price of $37.3066 per share.

15. Ikezi reported the trades alleged in paragraph 14 above on a Statement of Changes in Beneficial Ownership on Form 4 delinquently filed with the SEC on June 11, 2026. A copy of that statement is attached as Exhibit A to this complaint.

16. Ikezi made all of the trades alleged in paragraph 14 above through limited liability companies named Bayside Project LLC, Madison Bond LLC, and FUN Investment Homes LLC. In a statement filed with the SEC, Ikezi has described these

entities as "holding companies for various investments," and he has described himself as their "direct or indirect owner and/or manager." Through his relationship to these entities, Ikezi had a direct or indirect pecuniary interest in all of the trades alleged in paragraph 14 above.

17. Each of the trades alleged in paragraph 14 above was a garden-variety cash-for-stock transaction brokered over the open market, and all of the trades occurred within a period of less than six months.

18. As a result of his purchases and sales of Solidion equity securities within a period of less than six months, Ikezi realized a recoverable profit estimated at about $428,353.00 according to the "lowest in, highest out" method of profit calculation under Section 16(b) of the Act.

19. Plaintiff made demand on Solidion for recovery of Ikezi's short-swing profit by letter of its counsel on June 11, 2026.

20. More than 60 days have passed since that demand was made, and Solidion has neither recovered the profit nor instituted an action to recover it. Solidion's counsel responded to the demand on August 11, asserting that the matter "is being resolved and handled in a legally appropriate manner" while refusing to disclose the amount of any expected recovery or when it will be paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment:

(a) Requiring Ikezi to account for and pay over to Solidion the short-swing profit realized by him in violation of Section 16(b) of the Act in an amount not less than $428,353.00, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiff its costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiff such further relief as the Court deems just and proper.

Dated: August 12, 2026

Respectfully submitted,

/s/ James A. Hunter
James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: +1 (484) 437-5935
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff*